THE STATE OF NEW JERSEY, EX REL. JOSEPH J. WEINBERGER, RELATOR, v. SAMUEL HILFMAN, RESPONDENT.

Decided December 30, 1929.

For the relator, Merritt Lane.

For the respondent, Edward F. Merrey.

PORTER, C. C. J. This action is one brought by the relator, Joseph J. Weinberger, against the respondent, Samuel Hilfman, to determine the title to the office of city counsel to the city of Passaic. It is brought under the provisions of section 4 of the Quo Warranto Statute, 3 Comp. Stat., p. 4212.

Questions of fact were raised by the pleadings and the case came before this court for the trial of the issues thus

raised. At the trial the respondent withdrew his plea that the relator had abandoned the position of city counsel by refusing to perform the duties of the office. It was thereupon agreed by and between counsel that the issues raised by the pleadings be tried by the court without a jury. Briefs have been submitted and considered.

The salient facts, as disclosed by the pleadings, are that the relator was duly appointed as city counsel of the city of Passaic on June 28th, 1927, and reappointed to that office on May 7th, 1929, to serve for a term ending on the third Tuesday in May, 1931; that on or about August 2d, 1929, he, together with others, was indicted by the grand jury of Passaic county for conspiracy; that on August 13th, 1929, he was suspended by the director of public affairs from office as city counsel, effective from that date; that on September 3d, 1929, the director of public affairs appointed the respondent to the said office of city counsel for a term ending on the third Tuesday in May, 1931, which action was ratified and confirmed on said date by the board of commissioners of said city; that the respondent thereupon entered upon the duties of the said office and continues to perform the same. Both parties claim the title to the office.

There is no discretionary power in this court such as may be exercised in a proper case by the Supreme Court in *quo warranto* proceedings. The duty of this court is solely to determine the questions at issue on the pleadings.

It is the contention of the respondent that this action cannot be maintained under the statute; that the proper remedy is by writ of *certiorari* to review the action of the director of public affairs in suspending the relator and also that proper parties are not joined. These contentions are without merit. Under the present statute and the decisions the action is properly brought, both as to subject-matter, the relief sought, and as to parties. *Davis* v. *Davis*, 57 *N. J. L.* 82; *Manahan* v. *Watts*, 64 *Id.* 468; *Brodman* v. *Rade*, 101 *Id.* 207.

The pertinent question is whether the action of the director of public affairs in suspending the relator was a lawful act or not. Passaic is subject to the provisions of the Walsh

act, so-called. As amended in 1929 this act vests authority in the board of commissioners to remove from office any officer or employe appointed by it "at any time for cause, after public hearing."

The power to expel, *i. e.*, remove, does not include the power to suspend. *State* v. *Jersey City*, 25 *N. J. L.* 536 (at *p.* 544).

No authority is given by the statute either to the board of commissioners or to any director for the suspension of any officer or employe.

It seems clear that while the director of public affairs says that he suspended the relator, what he did in fact and in effect was to summarily remove him. By his act in shortly afterwards appointing the respondent to the position, for the balance of relator's term, he unmistakably showed that he considered the position vacant and that the relator had not been suspended, but removed. The board of commissioners undoubtedly took the same view when on the same day it ratified and confirmed the action of the director of public affairs in filling the vacancy in the office.

The Supreme Court said, in *State* v. *Jersey City, supra:* "Suspension from the duties of the office creates no vacancy; the seat is filled, but the occupant is silenced."

The only power of removal is that expressly vested in the board of commissioners by the statute above mentioned, there is no implied power. *Murphy* v. *Freeholders of Hudson County*, 92 *N. J. L.* 244.

The only power of removal during the term of office of relator was for cause and after public hearing. No cause of removal was given and no public hearing was had.

The conclusion is obvious that the removal of the relator being without warrant of law was a nullity and of no effect. The title to the office remains in the relator and the respondent must be ousted therefrom.

A *postea* in accordance with these findings may be filed.